IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS L. WACKER and
DAWN J. WACKER,[1]

                                       OPINION and ORDER

                 Plaintiffs,

                                       07-cv-371-bbc

    v.

HOME DEPOT U.S.A., INC.,THE
HOME DEPOT SUPPLY, INC., and
SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a personal injury action in which plaintiffs Thomas L. Wacker and Dawn J. Wacker seek monetary damages for injuries arising from the alleged negligence of defendants Home Depot U.S.A., Inc., The Home Depot Supply, Inc. and Sedgwick Claims Management Services, Inc. Plaintiff Thomas Wacker aggravated surgically repaired injuries when he

---

[1] Originally, plaintiffs named Dean Health Insurance, Inc. as a "subrogation plaintiff." However, the complaint was filed only on behalf of plaintiffs Thomas L. Wacker and Dawn J. Wacker, and no attorney has made an appearance on behalf of Dean Health Insurance, Inc. Therefore, I conclude that Dean Health Insurance Inc. is not part of this case and should be removed from the case caption. I have amended the caption accordingly.

1

tripped over a curb at one of defendant Home Depot's stores while attempting to secure in a truck a set of French doors he had purchased. Jurisdiction is present under 28 U.S.C. § 1332. Now before the court is defendants' motion for summary judgment on all of plaintiffs' claims.

In these circumstances, no reasonable jury could find that defendant Home Depot's failure to provide assistance to plaintiffs was a cause-in-fact of plaintiff Thomas Wacker's fall and therefore a ground for finding defendants negligent. Even if plaintiffs had established cause-in-fact, public policy considerations preclude a finding of liability in this case. In addition, I find that defendant Sedgwick Claims Management Services Co. is not a proper defendant in this suit and that plaintiffs cannot establish liability under the Wisconsin Safe Place statute. Accordingly, defendants' motion for summary judgment will be granted in all respects.

Before stating the undisputed facts, one matter requires discussion. Defendants submitted additional proposed findings of fact in response to plaintiffs' use of the "emergency doctrine" in their brief in opposition to defendants' motion for summary judgment. Because I conclude that defendants are not liable for negligence, it is unnecessary to consider the "emergency doctrine" in this case. Therefore, I did not consider defendants' additional proposed findings of fact.

From the original proposed findings of fact submitted by the parties, I find that the

2

following material facts are not in dispute.

## UNDISPUTED FACTS

Plaintiffs Thomas L. Wacker and Dawn J. Wacker are Wisconsin citizens.  Defendant Home Depot U.S.A, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia.  Defendant The Home Depot Supply, Inc. is a subsidiary of defendant Home Depot U.S.A., Inc.  It is incorporated in Texas and has its principal place of business in Atlanta, Georgia.  (I will refer to defendant Home Depot U.S.A., Inc. and defendant The Home Depot Supply, Inc. collectively as defendant Home Depot.)  Defendant Sedgwick Claims Management Services, Inc. is an Illinois corporation with its principal place of business in Memphis, Tennessee.

Around the beginning of April 2004, plaintiff Thomas Wacker had arthroscopic surgery for a degenerative condition in his left knee and surgery on his left wrist for carpal tunnel syndrome.  On April 9, 2004, plaintiffs and two of their children went to defendant Home Depot's store at 2425 East Springs Drive in Madison, Wisconsin, to pick up a French door and to do some general shopping.  Plaintiffs rented a "Load-N-Go" truck from defendant Home Depot to take home the door and the other items they had purchased.  After paying for their purchases and completing the rental paperwork for the truck, plaintiffs used a roller-type cart to move the door and the other items outside to load onto the truck.

An employee of defendant Home Depot told plaintiffs that someone would assist them in loading the door.  Plaintiff Dawn Wacker and her son Garret loaded the smaller items onto the truck, but were unable to load the door without assistance.  Thomas Wacker was unable to assist with lifting and loading items onto the truck because of his recent surgeries.

After some time passed, two parking lot attendants employed by defendant Home Depot arrived to help load the door.  The door was loaded onto the truck in an upright position.  (Plaintiffs allege that only the parking lot attendants loaded the door, while defendants allege that plaintiffs' son Garret helped load the door.  This disputed fact is not relevant.)  The door was not steady or secure on the truck because it was loaded in this position.  Plaintiffs and the parking lot attendants attempted for some time to stabilize the load; plaintiff Dawn Wacker re-entered the store on three occasions to ask for further assistance.

Approximately one hour after plaintiffs first rolled the door out of the store to be loaded on the truck, Thomas Wacker attempted to stabilize the load by throwing a strap over the door from one side of the truck to the other.  He stepped back to be in a better position to throw the strap, backed into the curb behind him, lost his balance and fell.  The distance between the side of the truck where  Wacker was standing initially and the curb he tripped over was approximately three feet.  The curb was not hidden or obstructed and there was adequate lighting at the time of the incident.  The curb was of uniform height, free of

4

foreign matter, unbroken and without defect, and colored differently from the surrounding material. Had Wacker turned around and looked before he stepped backward, he would have seen the curb. After his fall, other employees of defendant Home Depot adequately secured the door on the truck and plaintiffs transported it to their home.

Thomas Wacker required medical care and treatment because the fall broke open the surgical incision on his wrist and caused additional injury to his knee. His medical expenses were $37,012.33.

Plaintiffs' complaint identifies defendant Sedgwick Claims Management Services as the liability insurer of defendant Home Depot. However, Sedgwick is not an insurer but is rather a third-party administrator of claims.

OPINION

A. Jurisdiction

In the complaint, plaintiffs demand compensatory damages exceeding $5,000 in an amount deemed reasonable by the court. Because plaintiffs propose as a fact that Thomas Wacker incurred more than $37,000 in medical expense damages alone, it is reasonable to assume that the amount in controversy exceeds $75,000 when pain and suffering and possible loss of wages are considered. Therefore, I find that, in addition to complete diversity of the parties, the minimum jurisdictional amount in controversy requirement is

established. Accordingly, jurisdiction is present under 28 U.S.C. § 1332.

## B. Negligence

To prevail on a claim of negligence in Wisconsin, a plaintiff must prove the existence of 1) a duty of care on the part of the defendant; 2) a breach of that duty; 3) a causal connection between the conduct and the injury; and 4) an actual loss or damage as a result of the injury. Miller v. Wal-Mart Stores, Inc., 219 Wis. 2d 250, 260, 580 N.W.2d 233 (1998) (citing Rockweit v. Senecal, 197 Wis. 2d 409, 418 (1995)). Under Wisconsin law, public policy considerations may bar recovery if a plaintiff's injury is insufficiently related to a defendant's acts. Fandrey v. American Family Mutual Insurance Co., 2004 WI 62, ¶ 15, 272 Wis. 2d 46, 680 N.W.2d 345. ("When [the Wisconsin Supreme Court] preclude[s] liability based on 'public policy factors,' formerly referred to as 'proximate cause,' [the court is] simply stating that the cause-in-fact of the injury is legally insufficient to allow recovery.")

Wisconsin's negligence jurisprudence follows an expansive approach to the issue of duty, essentially that "everyone has a duty of care to the whole world." Miller, 219 Wis. 2d at 260 (citation omitted). More specifically, "[t]he duty of any person is the obligation of due care to refrain from any act which will cause foreseeable harm to others even though the nature of that harm and the identity of the harmed person or harmed interest is unknown at the time of the act. . . ." Rockweit, 197 Wis. 2d at 419-20. In the context of merchants

6

and customers, Wisconsin recognizes a duty of merchants, such as defendant Home Depot, to properly hire, train and supervise employees so as not to cause harm to customers, such as plaintiffs. Miller, 219 Wis. 2d at 257.

Plaintiffs argue that defendant Home Depot had a duty to assist plaintiffs in properly loading the door within a reasonable amount of time. Essentially, plaintiffs were dissatisfied with the delay in receiving assistance and with the manner in which the employees provided the initial assistance. I am not convinced that the duty recognized in Miller necessarily creates a responsibility for merchants to assist customers within the time period and in the manner preferred by the customer. Nevertheless, for purposes of this motion, I will assume that defendants owed a duty of care to plaintiffs under the rule for merchants as stated in Miller and that defendants may have breached that duty by failing to provide prompt and competent assistance to plaintiffs.

Plaintiffs' evidence on the next element, causation, is even more limited. Determining cause-in-fact focuses on whether the defendant's conduct was a substantial factor in producing a plaintiff's injury. Miller, 219 Wis. 2d at 261-62. The question of cause-in-fact is often one for the jury but can be resolved by the court if reasonable people could not disagree. Id. at 262. In cases alleging negligence of the employees of a commercial merchant, cause-in-fact is present only if the wrongful conduct of the employees was a cause-in-fact of the plaintiff's injury and if the negligence of the employer was a cause-in-fact of

7

the wrongful conduct of the employees.  Id.  If the wrongful conduct of the employees was not a cause-in-fact of the plaintiff's injury, the inquiry stops there.  Id.

Plaintiffs have failed to adduce evidence that defendant Home Depot's failure to provide prompt assistance in loading the door caused Wacker's fall.  Instead, the evidence suggests strongly that the sole cause was Wacker's failure to look before stepping backward into a curb that was plainly visible and in good repair.  Thus, it borders on the ridiculous to suggest that a delay in providing competent assistance was a *substantial* factor in producing Wacker's injuries.  At most, the failure to provide prompt assistance would have resulted in plaintiffs' staying longer at the store than they had intended.

However, I need not reach an ultimate conclusion about cause-in-fact because, even if I were to assume that defendant Home Depot breached a duty and that the breach was a substantial factor in producing Thomas Wacker's injuries, public policy considerations would preclude imposing liability in this case.  Although both parties refer to these policy factors as elements of "proximate cause," the Wisconsin Supreme Court has made it clear that it prefers not to use this indefinite term.  Fandrey, 2004 WI 62 ¶ 10, n. 7, 272 Wis. 2d 46, 680 N.W.2d 345.

Wisconsin courts may decline to impose liability for policy reasons even though negligence has been demonstrated when:  1) the injury is far too remote from the negligence; 2) the injury is wholly out of proportion with the culpability of the negligent actor; 3) in

8

retrospect it seems highly extraordinary that the negligence should have brought about the harm; 4) allowance of recovery would place too high a burden on the negligent actor; 5) allowance of recovery would be highly likely to open the way for fraudulent claims; or 6) allowance of recovery would enter a field that has no sensible or just stopping point. Miller, 219 Wis. 2d at 264. The presence of any one of these factors is sufficient to bar recovery on public policy grounds. Rieck v. Medical Protective Co., 64 Wis. 2d 514, 518, 219 N.W.2d 242 (1974). These public policy questions may be evaluated without a trial. Fandrey, 2004 WI 62, ¶ 27, 272 Wis. 2d 46, 680 N.W.2d 345 (citation omitted).

In this case, the links in the chain of causation between defendant Home Depot's alleged negligence and Thomas Wacker's injuries are weak at each step. First, it was not reasonably foreseeable that a delay in providing prompt, competent assistance at a "Load & Go" customer bay would cause Wacker to try to secure the door by throwing a strap over it when he was recovering from recent surgeries. It is even more unforeseeable that Wacker's attempt to stabilize the load would cause him to trip over a curb that was admittedly in good repair, unobstructed and painted yellow to alert people to its presence (and which plaintiff had been standing beside for approximately an hour). In sum, Wacker's injuries are too far removed from the alleged negligence of defendant Home Depot.

There is some risk in many seemingly innocuous activities, including maneuvering through the parking lot area of a store. Even so, the Wisconsin Supreme Court has indicated

that tripping over a well-maintained and clearly marked curb in a store parking lot area cannot be a reason to impose liability on the store.  Gordon v. Schultz Savo Stores, Inc., 54 Wis. 2d 692, 698, 196 N.W.2d 633 (1972) (commenting in dicta that store should not be liable for customer tripping over parking lot curb that was unbroken and clearly visible because customer's failure to look was cause of fall).

Finally, the injuries claimed in this case are wholly out of proportion to the culpability of defendant Home Depot.  It may be that plaintiffs received poor customer service on the day of the incident, but poor customer service should not result in personal injury liability of tens of thousands of dollars.  Thomas Wacker's injuries were due largely to the fact that he had recently undergone surgery on his knee and wrist.  Had he not been recovering from recent surgeries, it is likely that his trip and fall would have resulted in no injury whatsoever. It is nearly impossible to foresee that a failure to provide loading assistance would cause a customer to trip and fall and incur such substantial injuries.

Because public policy precludes a finding of liability in this case, I will grant defendants' motion for summary judgment.

### C.  Emergency Doctrine

Plaintiffs devote a substantial portion of their brief to their argument that defendant

Home Depot's failure to provide prompt assistance to plaintiffs created an emergency situation in which Wacker's imprudent act of backing into and tripping over the curb was excused. Because I have already concluded that public policy considerations would bar a finding a liability in this case, excusing Wacker's own negligence by the emergency doctrine does nothing to bolster plaintiffs' claim. Further, the emergency doctrine would not apply to this case because the time period in which Wacker acted to try to stabilize the load was long enough for him to take considered and deliberate action. <u>Totsky v. Riteway Bus Service, Inc.</u>, 2000 WI 29, ¶ 41, 233 Wis. 2d 371, 607 N.W.2d 637 (stating that there is no emergency situation as matter of law if actor has time to take considered and deliberate action).

### D. <u>Claims Plaintiffs Agree Should be Dismissed</u>

Defendants have moved for summary judgment on two claims raised in plaintiffs' complaint that plaintiffs now agree should be dismissed. First, defendant Sedgwick Claims Management Services, Inc. is a third-party claims administrator and not the liability insurer of defendant Home Depot. Plaintiffs acknowledge that defendant Sedgwick is not a proper party to this action and should be dismissed.

Next, plaintiffs alleged liability under the Wisconsin Safe Place statute in their complaint. However, in plaintiffs' brief in opposition to defendants' summary judgment

11

motion, plaintiffs concede that the Wisconsin Safe Place statute is inapplicable to this case.

Accordingly, defendants' motion for summary judgment with regard to defendant Sedgwick and plaintiff's Wisconsin Safe Place claim will be granted.

ORDER

IT IS ORDERED that the motion for summary judgment by defendants Home Depot U.S.A., Inc., The Home Depot Supply, Inc. and Sedgwick Claims Management Services, Inc. is GRANTED. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 11th day of April, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

12